IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK D. PRYOR, IV,                )
                                       )
            Plaintiff,                 )      Civil Action No. 23-1791
                                       )
      v.                               )      District Judge Robert J. Colville
                                       )      Magistrate Judge Maureen P. Kelly
BUREAU OF HEALTH CARE SERVICES *et*    )
*al.,*                                 )      ECF Nos. 22 and 25
                                       )
            Defendants.                )

## REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

Pending before the Court is a Motion to Dismiss filed on behalf of Defendant Wellpath, identified by Plaintiff as a "Medical Services Provider." ECF No. 22. Also pending before the Court is Motion to Transfer Venue filed on behalf of Defendants the Bureau of Health Care Services, Bobbi Jo Salamon, Keri Moore, Lee Estock, Leslie Bradley, Kevin Brubaker, Dr. Hazlett, Dr. F. Tejeda, Kathy Smith, Sgt. Hunter, J. Boland, and Michael Rowe (the "Corrections Defendants"). ECF No. 25.

For the following reasons, it is respectfully recommended that the Motion to Dismiss be granted and that the Motion to Transfer Venue be granted in part and denied in part.

### II.     REPORT

#### A.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Frederick D. Pryor, IV ("Plaintiff") brings this *pro se* civil rights action under 42 U.S.C. § 1983 for the alleged violation of his rights under the First and Eight Amendments. ECF No. 8 at 6. Plaintiff alleges that while he was incarcerated at the State Correctional Institution at Pine Grove ("SCI-Pine Grove") in June 2022 through mid-July 2022, Dr. Hazlett, D.D.S., and

1

other medical staff and administrators denied him treatment for severe nerve pain suffered from an unhealed "pocket" in his gum following oral surgery. Id. at 7-9. On July 19, 2022, Plaintiff was transferred to the State Correctional Institution at Rockview ("SCI-Rockview"). ECF No. 37-1 at 4. Plaintiff alleges that medical staff and administrators at SCI-Rockview also denied necessary medical care despite his ongoing requests for treatment. In addition, he alleges that the Bureau of Health Care Services failed to provide treatment after February 8, 2023, when it learned of Plaintiff's ongoing need for care. The Complaint contains no factual allegations related to Defendant Wellpath.

On April 11, 2024, Wellpath filed a Motion to Dismiss based on Plaintiff's failure to plead any facts plausibly stating that it violated Plaintiff's rights. ECF No. 22. The Court ordered Plaintiff to respond by May 13, 2024. ECF No. 24. Plaintiff's "Motion in Opposition" to the Motion to Dismiss and Brief in Support were filed on May 17, 2024, and docketed on May 20, 2024. ECF No. 36, 37. Thus, the Motion to Dismiss is ripe for consideration.

Also pending is the Motion to Transfer Venue filed on behalf of the Corrections Defendants, ECF No. 25. On April 23, 2024, Plaintiff was directed to file a response to the Motion to Transfer Venue by May 8, 2024. ECF No. 27. On May 14, 2024, Plaintiff filed a Motion for Extension of Time to respond to the Motion to Transfer Venue. ECF No. 28. The Court granted the Motion for Extension of Time and ordered Plaintiff to respond by June 10, 2024. ECF No. 33. Plaintiff's belated response was filed June 21, 2024.

## B.    DISCUSSION

### 1.    Motion to Dismiss

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[ ] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, ... contains facts sufficient to state a plausible [ ] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678. Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. Vogt v. Wetzel, 8 F. 4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

Wellpath moves to dismiss on the ground that Plaintiff has failed to state a colorable claim of deliberate indifference. ECF No. 22. Wellpath argues that even when construing the Complaint in Plaintiff's favor, he fails to identify how Wellpath has violated his constitutional rights. ECF No. 23 at 4. Thus, Wellpath points to the absence of the requisite factual arguments to support a claim against it. Wellpath also argues that Plaintiff fails to identify "any policy or procedure that would state a claim against a prison medical services provider … [and] has failed to identify any acts on behalf of Wellpath." Id.

Plaintiff has filed a response and states that Wellpath employed Defendants Dr. Hazlett and Kathy Smith DDA and so it is liable for deliberate indifference when its employees fail to adhere to prison medical policies. ECF No. 37 at 2-3.

Upon review, the Court agrees that the Motion to Dismiss is properly granted. "[A]lthough a private corporation offering medical services to inmates cannot be held liable for an alleged § 1983 violation under a theory of respondeat superior, it can be held liable for a policy or custom that demonstrates deliberate indifference." Francis v. Carroll, 659 F. Supp. 2d 619, 625–26 (D.

Del. 2009) (internal quotation marks omitted). <u>See generally</u> <u>Monell v. Dep't of Soc. Servs. of N.Y.</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (subjecting municipalities to liability for policies or customs that cause constitutional deprivations); <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003) (applying <u>Monell</u> to a private company providing medical services to inmates). To prevail on his Section 1983 claims against Wellpath, Plaintiff must show that there was a relevant Wellpath policy or custom, and that this policy or custom caused the constitutional violation for which he seeks relief. <u>See</u> <u>Natale</u>, 318 F.3d at 583–84.

Here, Plaintiff's Complaint alleges no such policy or custom with respect to Wellpath. Instead, his theory of liability appears in response to the pending Motion to Dismiss. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." <u>Frederico v. Home Depot</u>, 507 F.3d 188, 202 (3d Cir. 2007) (internal quotation and citation omitted); <u>see</u> <u>Carpenters Health 86 Welfare Fund of Phila. & Vicinity v. Mgmt. Res. Sys.</u>, 837 F.3d 378, 383 (3d Cir. 2016) (party may not amend complaint in brief opposing a motion to dismiss).

Therefore, because Plaintiff's Complaint contains no facts sufficient to state a claim against Wellpath, it is recommended that the Motion to Dismiss be granted and Wellpath be dismissed without prejudice as a Defendant. In consideration of Plaintiff's *pro se* status, it is further recommended that as to Wellpath's alleged misconduct at SCI-Pine Grove, the Court grant Plaintiff 30 days to file an Amended Complaint to correct the pleading deficiencies in his Complaint.[1]

---

[1] Based on the Court's resolution of the Corrections Defendants' Motion to Transfer, *infra*, if Plaintiff seeks to pursue a claim against Wellpath arising out of its alleged employment of medical providers at SCI-Pine Grove, he may do so in this action. However, should Plaintiff seek to pursue a claim against Wellpath arising out of its alleged employment of medical providers at SCI-Rockview, he must do so through an Amended Complaint filed in the Middle District.

### 2.    Motion to Transfer

Through the Motion to Transfer, the Corrections Defendants assert that this action is properly transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). ECF No. 26 at 3. The Corrections Defendants state that Plaintiff is incarcerated at SCI-Rockview, which is located within the Middle District in Centre County, and contend that transfer is appropriate because a substantial portion of his allegations arise out of alleged medical deliberate indifference at that facility. See 28 U.S.C. § 118(b); 28 U.S.C. § 1391 (b)(2) ("[a] civil action may be brought – a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred …").

Plaintiff opposes transfer of this action to the Middle District because he asserts the initial failure to treat occurred at SCI-Pine Grove and the course of conduct merely continued at SCI-Rockview. ECF No. 40. He also asserts that severance or transfer would result in "multi-district litigation" and would require approval of a judicial panel.

Upon review of the Complaint, some claims asserted by Plaintiff arise out of alleged deliberate indifference to serious medical/dental needs at SCI-Pine Grove and some claims arise out of alleged deliberate indifference at SCI-Rockview. Thus, the Court finds that in lieu of dismissal of improperly joined claims, severance of claims is warranted. This will permit the transfer of Plaintiff's claims arising out the course of treatment of his medical condition at SCI-Rockview to the appropriate venue in the Middle District.

Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence of series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the

action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" Randolph v. Wetzel, No. 19-CV-2231, 2019 WL 2577635, at *5 (E.D. Pa. June 21, 2019) (quoting Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir. 2009), in turn, quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966)).

"'But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit.'" Id. (quoting McKinney v. Prosecutor's Off., Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted). Even when questions of law are common to all defendants, but each defendant is not part of the same occurrence, such that there are different questions of fact, claims may be deemed improperly joined. Kokinda v. Pennsylvania, Dep't of Corr., 663 F. App'x 156, 158 (3d Cir. 2016).

To remedy a misjoinder, a Court may add or drop a party or sever any claims. Fed. R. Civ. P. 21. Rule 21 "give[s] district courts broad discretion in deciding whether to sever a case by way of severing parties or claims." Graudins v. Retro Fitness, LLC, 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013). When analyzing severance, courts consider "convenience of the parties, avoiding prejudice, and promoting expedition and economy." Id. at 468 (internal quotations omitted). "Severance pursuant to Rule 21 essentially creates a separate case."[2] Id.; see also U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Lab'ys, Inc., 149 F.3d 227, 231 (3d Cir. 1998) ("A severed claim proceeds as a discrete suit.").

In Kokinda, the Third Circuit found that it was not an abuse of discretion to dismiss as improperly joined claims that prison medical service providers and DOC employees at three

---

[2] An order to sever claims under Rule 21 is a final and appealable order, Graudins, 921 F. Supp. 2d at 468, and is thus addressed by the undersigned through this Report and Recommendation.

different facilities fed the plaintiff a diet that contained soy despite knowing that he was allergic to it. While the plaintiff alleged that each defendant violated his constitutional rights in an identical way, the fact that the alleged misconduct occurred at three institutions at separate times, and that different defendants independently violated his rights in the same manner was not sufficient to link the defendants together for joinder purposes. Id. (citing AF Holdings, LLC v. Does 1-1058, 752 F.3d 990, 998 (D.C. Cir. 2014)). See also McKinney, 2014 WL 2574414, at *16 (severing claims where plaintiff alleged that officials at two facilities "disregarded his medical needs in a similar manner" because while the law relating to deliberate indifference, as well as proof of plaintiff's medical condition might overlap, joinder was improper).

Kokinda is instructive in the instant case. Here, Plaintiff asserts claims based on similar theories of liability. But his claims stem from separate and distinct events that occurred at two state prisons at different times, involving different medical providers and administrators. During Plaintiff's incarceration at SCI-Pine Grove, Defendants Bradley, Hazlett, and Boland are alleged to have violated his rights by failing to treat or respond to his complaints of pain related to a "deep tissue defect."[3] ECF No. 8 at 8-10. Plaintiff asserts that after he was transferred to SCI-Rockview on July 19, 2022, until present, Defendants Bureau of Health Care Services, Brubaker, Tejeda, Hunter, and Rowe have denied him pain medication and refused to treat or order treatment for his ongoing pain.[4]

---

[3] Plaintiff identifies Kathy Smith and Lee Estock as defendants and asserts that each is employed at SCI-Pine Grove. ECF No. 8 at 2, 5-6. The sufficiency of Plaintiff's allegations against these defendants is not currently before the Court. That said, based on their alleged place of employment at SCI-Pine Grove, it is recommended that Smith and Estock remain as defendants here.

[4] Plaintiff identifies Salamon, Moore, and Varner as defendants based on their positions as employees at SCI-Rockview or as participants in the inmate grievance process after Plaintiff's transfer to SCI-Rockview. Issues related to the sufficiency of Plaintiff's claims against these parties are properly resolved by the Middle District after severance and transfer.

The Corrections Defendants contend that because the substantial allegations of deliberate indifference and retaliation occurred at SCI-Rockview, the interest of justice and convenience of witnesses and parties weigh in favor of transferring the entirety of this action to the Middle District. The Court agrees that Plaintiff's claims related to his care or lack thereof at SCI-Rockview should be transferred to the Middle District for the convenience of the parties and severed from this action because they have been improperly joined. However, Plaintiff's separate claims related to his medical care at SCI-Pine Grove should remain pending before this Court.

**D.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed on behalf of Wellpath, ECF No. 22 be granted and that Plaintiff's claims against Wellpath be dismissed without prejudice. It is further recommended that Plaintiff be granted leave to file an Amended Complaint within 30 days to correct the identified pleading deficiencies in his Complaint as related to his claims against Wellpath arising out of its alleged misconduct at SCI-Pine Grove.

It is further recommended that the Motion to Transfer Venue, ECF No. 25, be granted in part and denied in part. Plaintiff's claims against Defendants Bureau of Health Care Services, Brubaker, Tejeda, Hunter, Rowe. Varner, and Moore should be severed. The Clerk of Court should be directed to open a new lawsuit as to those parties and then transfer the newly opened lawsuit to the Middle District of Pennsylvania, where venue would be proper.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties may file written objections within fourteen days, or seventeen days for unregistered ECF Users. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir.

8

2011). Any party opposing objections may respond to the objections within 14 days in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: June 21, 2024

cc:    The Honorable Robert J. Colville
       United States District Judge

       All counsel of record by Notice of Electronic Filing

9