IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK D. PRYOR, IV, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:23-1791 |
| | ) | |
| vs. | ) | |
| | ) | District Judge Robert J. Colville |
| BUREAU OF HEALTH CARE SERVICES, et al., | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 41) filed by the Honorable Maureen P. Kelly in the above-captioned matter.  Judge Kelly's June 21, 2024 Report and Recommendation recommends that the Court grant the Motion to Dismiss (ECF No. 22) filed by Defendant Wellpath and grant in part and deny in part the Motion to Transfer Venue (ECF No. 25) filed by Defendants the Bureau of Health Care Services, Bobbi Jo Salamon, Keri Moore, Lee Estock, Leslie Bradley, Kevin Brubaker, Dr. Hazlett, Dr. F. Tejeda, Kathy Smith, Sgt. Hunter, J. Boland, and Michael Rowe (the "Corrections Defendants").  Objections to the Report and Recommendation were due by July 8, 2024.  No objections were filed, and the Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court reviews objections to a magistrate judge's decision on non-dispositive matters to

1

determine whether any part of the order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as

'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon reasoned consideration of Judge Kelly's Report and Recommendation and the pending Motions and briefing, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to Wellpath's Motion to Dismiss at ECF No. 22 and the Corrections Defendants' Motion to Transfer.  It is hereby further ORDERED that Wellpath's Motion to Dismiss at ECF No. 22 is granted, and Plaintiff's claims against Wellpath are dismissed without prejudice.  The Corrections Defendants' Motion to Transfer Venue is granted in part and denied in part.  Plaintiff's claims against Defendants Bureau of Health Care Services, Brubaker, Tejeda, Hunter, Rowe, Varner, and Moore are hereby severed. The Clerk of Court is hereby directed to open a new lawsuit with respect to those Defendants by docketing ECF No. 8 at a new case number, and to transfer that newly opened lawsuit to the United States District Court for the Middle District of Pennsylvania forthwith.  At this time, Plaintiff's separate claims related to his medical care at SCI-Pine Grove remain pending before this Court, and the Motion to Transfer is denied as to those claims.

The Court notes that the procedural posture of this case has become somewhat muddled, as the Plaintiff, presumably in response to the Report and Recommendation, submitted an "Amended Complaint Correcting Deficiencies Related to Wellpath's Alleged Misconduct Arising at SCI-Pine Grove" (ECF No. 43) before the undersigned ruled on the Report and Recommendation.  Defendant Wellpath has moved to dismiss (ECF No. 45) that pleading. Because the Report and Recommendation was pending at the time Plaintiff's "Amended

Complaint Correcting Deficiencies Related to Wellpath's Alleged Misconduct Arising at SCI-Pine Grove" was filed, Plaintiff's filing was premature. As such, so was Wellpath's Motion to Dismiss at ECF No. 45. Wellpath's Motion to Dismiss at ECF No. 45 is dismissed without prejudice as premature and moot.

Further confusing matters, by way of his "Amended Complaint Correcting Deficiencies Related to Wellpath's Alleged Misconduct Arising at SCI-Pine Grove," Plaintiff has seemingly attempted to amend his prior allegations against Wellpath through reference to a prior pleading, without addressing the claims in the operative complaint at ECF No. 8 that still remain pending against certain of the Corrections Defendants. "The Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a pro se litigant." *Mosley v. Huggins*, No. 22-CV-5212, 2023 WL 5016646, at *1 n.1 (E.D. Pa. Aug. 7, 2023). In this Court's estimation, Plaintiff's "Amended Complaint Correcting Deficiencies Related to Wellpath's Alleged Misconduct Arising at SCI-Pine Grove" constitutes a "piecemeal pleading," and the Court will instead construe it as a motion for leave to amend. Plaintiff is hereby granted leave to file an amended complaint by **December 4, 2024**. Any amended complaint shall fully allege every *remaining* claim in the Western District that Plaintiff wishes to pursue against all *remaining* parties and must be a pleading that stands by itself without reference to the original complaint. In an abundance of caution, the Court has attached a copy of Judge Kelly's Report and Recommendation for Plaintiff's review with respect to those claims that remain pending (certain Corrections Defendants) and those that have been dismissed without prejudice and with leave to amend (Wellpath). Responses to any such amended complaint shall be filed by **December 18, 2024.**

4

To the extent that Plaintiff no longer wishes to pursue his claims related to his medical care at SCI-Pine Grove against the remaining Corrections Defendants in the Western District and his "Amended Complaint Correcting Deficiencies Related to Wellpath's Alleged Misconduct Arising at SCI-Pine Grove" was intended to serve as a standalone amended complaint, he may file a status report advising the Court of the same by **December 4, 2024**.  If such a status report is filed, the Court will deem the document filed at ECF No. 43 an amended complaint filed as of the date of the filing of the status report.  Wellpath may immediately refile its motion to dismiss or otherwise respond to ECF No. 43 should Plaintiff file such a status report.  If Plaintiff files nothing in response to this Memorandum Order, the Court will presume that Plaintiff intends to proceed as to his remaining claims against the remaining Corrections Defendants in this District in what the Court considers to be his operative complaint at ECF No. 8.  If that proves to be the case, the remaining Defendants shall file a response to ECF No. 8 by **December 18, 2024**.

BY THE COURT:

/s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: November 4, 2024

cc/ecf:

All counsel of record

Frederick D. Pryor, IV
QK-3391
SCI ROCKVIEW
Box A
1 Rockview Place
Bellefonte, PA 16823

5